UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

L.M. SESSLER EXCAVATING AND
WRECKING, INC.,

                Plaintiff,

v.

BETTE & CRING, LLC,

                Defendant.

Case # 16-CV-06534-FPG

DECISION AND ORDER

## INTRODUCTION

Plaintiff L.M. Sessler Excavating and Wrecking, Inc. ("Plaintiff") brings this action for patent infringement against Defendant Bette & Cring, LLC ("Defendant") pursuant to Title 35 of the U.S. Code. ECF No. 16, at 1. Plaintiff alleges that Defendant (1) directly infringed, and continues to directly infringe, its patented process for bridge demolition; (2) induced others involved with New York State Thruway Department of Transportation ("NYSDOT") Contract No: TAA 15-34B/D214390 to infringe the patent; and (3) contributed to others' infringement by providing those participants with the truck assembly described in the patent. *Id.* at 2–3.

Plaintiff filed its initial complaint on August 2, 2016. ECF No. 1. On August 26, 2016, Defendant moved to dismiss that complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. Plaintiff responded by filing its Amended Complaint on September 16, 2016. ECF No. 16. On October 11, 2016, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 20. For the reasons that follow, Defendant's Motion to Dismiss is GRANTED, and this action is DISMISSED.

1

**BACKGROUND**

Plaintiff is a corporation organized under the laws of New York, and its principal place of business is located in Waterloo, New York. ECF No. 16, at 1. Plaintiff owns U.S. Patent No. 6,155,649 ("the '649 patent"), which details a process for bridge demolition. *Id.* at 2. Defendant is a limited liability company organized under the laws of New York, and its principal place of business is located in Latham, New York. *Id.* at 1. Plaintiff alleges that Defendant's activities have infringed, and continue to infringe, the '649 patent. *Id.* at 2–4.

The '649 patent protects a process for bridge demolition via a particular truck assembly. ECF No. 16-1, at 10. Specifically, claim 1 of the '649 patent reads as follows:

> A process for demolishing a bridge deck by means of a truck assembly equipped with a receptacle comprised of a right side and a left side, a first wing rotatably connected to said right side of said receptacle, comprising the steps of: (a) disposing said truck assembly beneath said bridge deck, (b) rotating said first wing upwardly and outwardly from said right side of said receptacle to a first position, (c) supporting said first wing in said first position by means of a support contiguous with said first wing, (d) demolishing said bridge deck and causing debris to fall therefrom, (d) [sic] receiving said debris from said bridge deck within said receptacle, (e) [sic] ceasing supporting said first wing in said first position and moving said first wing downwardly and inwardly towards said right side of said receptacle, (f) [sic] moving said truck assembly, and (g) [sic] removing said debris from said receptacle.

*Id.* at 9. Plaintiff alleges that Defendant has directly infringed, and continues to directly infringe, the '649 patent in connection with its work on NYSDOT Contract No: TAA 15-34B/D214390. ECF No. 16, at 2. In paragraph 9 of its Amended Complaint, Plaintiff offers the following description of the allegedly infringing process:

> [The process] is accomplished by means of a truck assembly equipped with a receptacle comprised of a right side, a left side, and a first wing rotatably connected to the right side of the receptacle, and comprises the steps of: disposing the truck assembly beneath the bridge deck; rotating the first wing upwardly and outwardly from the right side of the receptacle to a first position; supporting the first wing in the first position by means of a support continuous with the first wing; demolishing the bridge deck and causing debris to fall therefrom; receiving debris from the bridge deck within the receptacle; ceasing supporting the first wing in the first position and moving the first wing downwardly and inwardly towards the right side of the receptacle; moving the truck assembly; and removing the debris from the receptacle.

*Id.* at 2–3. Plaintiff also asserts that, in the alternative, Defendant is liable on theories of induced and contributory infringement. *Id.* at 3. For all three grounds, Plaintiff additionally claims that Defendant's infringement was willful.[1] *Id.* at 4.

## LEGAL STANDARD

In ruling on a 12(b)(6) motion to dismiss for patent infringement claims, the law of the regional circuit governs. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007) ("A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law."). Although some courts appear to treat Federal Circuit decisions as authoritative on this pleading standard, the proper guidance in this case should come from the lead of the Second Circuit. *See, e.g.*, *Regeneron Pharm., Inc. v. Merus B.V.*, No. 14-cv-1650 (KBF), 2014 WL 2795461, at *1 & n.1 (S.D.N.Y. June 19, 2014); *see also McZeal*, 501 F.3d at 1356 ("[O]n review we apply the law of the regional circuit.").

As a general matter, Federal Rule of Civil Procedure 8(a)(2) instructs that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the requirements of Rule 8(a)(2) for "all civil actions." *Iqbal*, 556 U.S. at 684. To be sufficient, a pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). In that vein, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Id.* (quoting *Twombly*, 550

---

[1] Willfulness speaks to the nature of the infringement—it is a basis for enhancing damages, not a theory of liability in itself. *See* 35 U.S.C. § 284. Plaintiff's allegation of willful infringement is not addressed in Defendant's Motion to Dismiss or either of the subsequent memoranda. As discussed below, however, the claims of infringement are not adequately pleaded, so the Court need not reach this issue.

3

U.S. at 555). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). That measure of plausibility requires "more than a sheer possibility that a defendant has acted unlawfully"—the pleaded facts must permit a "reasonable inference" of liability for the alleged misconduct. *Id.*; *see also Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (instructing that "all reasonable inferences" are to be taken in the plaintiff's favor). Beyond the facts alleged in the complaint, a court may also consider "documents attached to the complaint as exhibits[] and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

I.  **Direct Patent Infringement**

The current pleading standard for claims of direct patent infringement remains unresolved in the Second Circuit. While *Iqbal* and *Twombly* clarified the basic contours of Rule 8(a)(2), courts remained divided as to the cases' effect on claims of direct patent infringement. Prior to December 1, 2015, some courts maintained that the then-existing Federal Rule of Civil Procedure 84 and accompanying Form 18 signaled the prevailing pleading requirements.[2] *See, e.g.*, *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283–84 (Fed. Cir. 2013) (citing *In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012) (applying Sixth Circuit law)) (applying Ninth Circuit law). On December 1, 2015, Congress abrogated Rule 84 and the appended Form 18. *E.g.*, *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 891 (S.D.N.Y. 2016).

---

[2] The former Rule 84 provided that the pleading forms appended to the Federal Rules of Civil Procedure "suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84 (abrogated 2015). The only information required by Form 18 included
> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent by making, selling, and using the device embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407 (W.D.N.Y. 2012).

4

Congress noted, however, that the abrogation "d[id] not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment (abrogated 2015). As a result, at least one district court has maintained that the requirements of the former Form 18 still dictate the standard for pleading the direct infringement of a patent. *See Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772-GMN-NJK, 2016 WL 199417, at *2–3 & *2 n.1 (D. Nev. Jan. 15, 2016).

Before the abrogation of Rule 84, the Second Circuit had not spoken to the relationship between Rule 84, Form 18, and *Twombly* and *Iqbal*. *See Lyda v. CBS Corp.*, No. 14-CV-6572 (VEC), 2015 WL 4393120, at *2 (S.D.N.Y. July 16, 2015); *Regeneron*, 2014 WL 2795461, at *1. Courts in this district called attention to the issue, but no definitive direction emerged.[3] *Compare, e.g.*, *Automated Transactions, LLC v. First Niagara Fin. Grp., Inc.*, No. 10-CV-00407(A)(M), 2010 WL 5819060, at *2–5 (W.D.N.Y. Aug. 31, 2010), *adopted*, 2011 WL 601559 (W.D.N.Y. Feb. 11, 2011) ("[R]econciling the dictates of *Twombly* and *Iqbal* with the Appendix Forms is not merely difficult, it is impossible. . . . [U]nless or until Rule 84 is amended . . . the sufficiency of [a plaintiff's] direct infringement allegations is governed by Appendix Form 18 . . . ."), *with Gradient Enters., Inc. v. Skype Techs. S.A.*, 848 F. Supp. 2d 404, 407–08 (W.D.N.Y. 2012) (flagging the disagreement among lower courts and citing "either standard" as warranting dismissal). Since Rule 84's abrogation, the Second Circuit has not addressed the standard for pleading claims of direct infringement, *see Gym Door Repairs*, 206 F. Supp. 3d at 891, nor has the Federal Circuit

---

[3] In *Lyda v. CBS Corp.*, 838 F.3d 1331 (Fed. Cir. 2016), the Federal Circuit invoked "the law of . . . the Second Circuit" to reason that the Form 18 standard governed pre-abrogation. *Id.* at 1337–38 & 1337 n.2. The cases upon which it then relied, however, were those in which it had applied the laws of other circuits. *See id.* at 1337–38 (citing *K-Tech*, 714 F.3d 1277 (applying Ninth Circuit law), and *In re Bill of Lading*, 681 F.3d 1323 (applying Sixth Circuit law)). The Federal Circuit addressed this concern in *K-Tech*, maintaining that its "decision regarding the requirements of Form 18 and its relationship to the pleading standards set forth in *Twombly* and *Iqbal* was dictated by Supreme Court precedent." *K-Tech*, 714 F.3d at 1283 n.1 (noting that its determination of Form 18's precedence would be "no different" for any circuit). It is worth noting, then, that *Lyda* does not provide definitive guidance as to the pre-abrogation approach of the Second Circuit.

interpreted the Second Circuit's likely approach. Accordingly, the matter appears to be one of first impression in this district.

A number of courts to address the post-abrogation standard have reasoned that the higher bar of *Twombly* and *Iqbal* is the proper one. *E.g.*, *Crypto Research, LLC v. Assay Abloy, Inc.*, 236 F. Supp. 3d 671, 685 (E.D.N.Y. 2017) ("As a result of [the 2015] change, most courts to consider the question have concluded that the *Twombly* pleading standard now applies to direct infringement claims."); *Gym Door Repairs*, 206 F. Supp. 3d at 891–92. This Court agrees. The abrogation of Rule 84 and Form 18 erased any ambiguity regarding *Twombly* and *Iqbal*'s clear application to "all civil actions." *See, e.g.*, *Cont'l Circuits LLC v. Intel Corp.*, No. CV16-2026 PHX DGC, 2017 WL 679116, at *3–4 & *4 n.5 (D. Ariz. Feb. 21, 2017) (concluding the same and interpreting pre-abrogation Advisory Committee deliberations); *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *2–3 (N.D. Cal. Aug. 22, 2016) (addressing the *Hologram* court's application of the Form 18 standard). Thus, the proper measure for pleading a claim of direct patent infringement is the standard articulated in *Twombly* and *Iqbal*.

**II.     Indirect Infringement**

With respect to claims of indirect patent infringement—here, contributory and induced infringement—courts have repeatedly agreed that the pleading standard of *Twombly* and *Iqbal* governs. *See, e.g.*, *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422, 446 (E.D.N.Y. 2012); *Gradient Enters.*, 848 F. Supp. 2d at 408–09.

## DISCUSSION

**I.     Direct Infringement Claim**

Plaintiff alleges that Defendant has directly infringed, and continues to directly infringe, claim 1 of the '649 patent, Plaintiff's process for bridge demolition. Section 271(a) of the Patent

Act provides, "Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To state a claim for direct infringement, a plaintiff must plead facts indicating that "all steps of [the] claimed method are performed by or attributable to a single entity." *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015) (en banc) (per curiam).

Here, Plaintiff fails to satisfy the pleading standard for its direct infringement claim. Although Plaintiff specifies the relevant NYSDOT contract and alleges that Defendant performed each step of the patent claim at issue, it does so using exactly—and entirely—its own patent language. To the extent Plaintiff addresses every element, it is only by parroting the patent claim and prefacing it with an introductory attribution to Defendant. Under *Twombly* and *Iqbal*, Plaintiff must do more than offer mere "labels and conclusions." *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). By describing Defendant's conduct solely in the words of its own patent, Plaintiff implicitly concludes that Defendant's process necessarily meets every element of the patent claim—a legal determination, not a factual allegation.[4]

Plaintiff maintains that being forced to describe the patent differently would leave it "in the untenable position of having to use imprecise wording to avoid dismissal." ECF No. 21, at 6.

---

[4] By way of example, Defendant's pleadings represent an inverted form of the pleadings at issue in *Automated Transactions*, 2010 WL 5819060. In *Automated Transactions*, the plaintiff recited the elements of its patent claims and alleged that the defendant was "using ATMs within this judicial district and elsewhere in the United States which incorporate every element of the above claims or substantial equivalents thereof." Second Amended Complaint and Jury Demand for Patent Infringement at 2–3, Automated Transactions, LLC v. First Niagara Fin. Grp., Inc., No. 10-CV-00408(A)(M) (W.D.N.Y. Aug. 31, 2010), ECF No. 59. While the court determined that the pleadings met the Form 18 standard, it reasoned that they would have failed the *Twombly* and *Iqbal* standard. *Automated Transactions*, 2010 WL 5819060, at *2, *5–6. In this case, Plaintiff does identify the specific NYSDOT contract connected to the activity at issue. However, Plaintiff then recites the elements of its patent claim, verbatim, as its description of Defendant's alleged conduct—a structural difference from *Automated Transactions*, but the same rote recitation and conclusory attribution.

7

But Plaintiff's own arguments reveal otherwise: in its Memorandum of Law in Opposition, Plaintiff summarizes Defendant's process without simply repeating the words of its patent claim. *Id.* at 5. There is a notable difference between using patent language to aid in a description and invoking a rote recitation of the patent claim at issue. The former may be permissible; the latter becomes conclusory. *Compare Avago Techs. Gen. IP (Sing.) PTE Ltd. v. Asustek Comput., Inc.*, No. 16-cv-00451-EMC, 2016 WL 1623920, at *4 (N.D. Cal. Apr. 25, 2016), *with Comcast Cable Comms., LLC v. OpenTV, Inc.*, 319 F.R.D. 269, 274–75 (N.D. Cal. 2017) ("[W]hile *Avago* rejected the notion that 'a patent infringement complaint that *largely* tracks the language of the claims to allege infringement is *insufficient per se*,' it did not endorse the very different proposition . . . that a patent infringement . . . complaint that *only* tracks the language of the asserted claims is *sufficient per se*. . . . [T]he operative complaint in *Avago* contained more than conclusory allegations that merely tracked the language of the asserted claims." (emphases in original)). Reliance on the patent language alone to describe Defendant's alleged conduct renders Plaintiff's claim a legal conclusion insufficient to meet the pleading standard of *Twombly* and *Iqbal*.

## II. Indirect Infringement Claims

Plaintiff maintains that, in the alternative, Defendant is liable under a theory of induced infringement. Section 271(b) of the Patent Act instructs that "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). For a claim of induced infringement to survive a motion to dismiss, the complaint must include facts that show "there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Gradient Enters.*, 848 F. Supp. 2d at 408–09 (quoting *Eon Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011)).

Plaintiff also advances an alternative allegation of liability for contributory infringement. Section 271(c) of the Patent Act dictates,

> Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c). To sufficiently plead contributory infringement, a plaintiff must allege facts showing "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and (4) that the component is a material part of the invention." *Medgraph, Inc. v. Medtronic, Inc.*, 111 F. Supp. 3d 346, 352 (W.D.N.Y. 2015) (quoting *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)).

Both induced infringement and contributory infringement claims require an adequate pleading of direct infringement. With respect to its induced infringement claim, Plaintiff alleges that "other participants in the work connected with [the NYSDOT contract] . . . use[d] the infringing bridge demolition process described in paragraph 9 of this Amended Complaint." ECF No. 16, at 3. Similarly, for its contributory infringement claim, Plaintiff maintains that "other participants in the work connected with [the NYSDOT contract] . . . use[d] the truck assembly described in paragraph 9 of this Amended Complaint as a material component in carrying out an infringing bridge demolition process comprising the steps set forth in paragraph 9 of this Amended Complaint." *Id.* In simply referencing the description from its direct infringement claim, Plaintiff's induced and contributory infringement claims suffer the same fate. The Court need not address the

sufficiency question any further, since the requisite claims of direct infringement have not been adequately pleaded.[5]

## CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 16) is DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: October 17, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[5] Notably, however, the claim that "others" used the process would also need to clearly allege that each participant performed every element of that claimed process; reliance on a combination of actors would implicate additional requirements. *See Akamai*, 797 F.3d at 1022–23.